## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OMAR GRAYSON, #R-48244, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-01326-NJR** |
| | ) | |
| J. BELFORD, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Omar Grayson, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At the same time, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577

F.3d 816, 821 (7th Cir. 2009).  After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

## The Complaint

Plaintiff claims that on December 8, 2013, Defendant Belford, a correctional officer at Pinckneyville, confiscated Plaintiff's prescription eyeglasses out of his property box. (Doc. 1, p. 6).  Defendant Belford did not issue a shakedown slip for the seized property, but he told Plaintiff that he gave the glasses to property and that they would contact Plaintiff about getting the eyeglasses sent to Plaintiff's home. *Id*.  No one from property ever contacted Plaintiff, even after he made several inquiries about the eyeglasses. *Id*.  Plaintiff maintains that Defendant Belford stole his eyeglasses. *Id*.

Plaintiff filed multiple grievances regarding the eyeglasses. *Id*. at 10.  Eventually, in late May or June 2014, a counselor responded: "No one seems to know where your old glasses went but the eye doctor did order you NEW glasses on 2-24-14 FOR FREE." *Id*.  This response was later modified with a note, which stated, "I/m does not need glasses." *Id*.  Plaintiff saw an optometrist on two occasions (February 24, 2014 and July 3, 2014), but based on the eye exam, the optometrist determined that Plaintiff does not need eyeglasses. *Id*. at 6.  Plaintiff maintains that he does need eyeglasses, and he has attached the results from his previous eye exam. *Id*. at 12.  Plaintiff seeks monetary damages and a pair of new eyeglasses.

## Discussion

The crux of Plaintiff's claim is that his eyeglasses were taken from him and then lost.[1]

---

[1] Plaintiff has not named the prison optometrist as a defendant, and he does not allege that the prison optometrist was deliberately indifferent to a serious medical need.  It is worth noting that a mere difference of opinion between medical professionals concerning the treatment of an inmate will not necessarily support a claim for deliberate indifference under the Eighth Amendment. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006).  Because Plaintiff has not asserted a medical needs claim, the Court will not consider that issue.

The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer,* 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis,* 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat.. 505/8 (1995). Therefore, Plaintiff cannot seek damages in federal court for the loss of his property, and his Fourteenth Amendment civil rights claim shall be dismissed with prejudice. He may, however, seek redress for his economic loss in state court, provided that he can file his state action in accordance with the applicable rules and deadlines. The dismissal of this civil rights action shall not operate as a bar to Plaintiff bringing a property claim in the Illinois Court of Claims.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and it is **DISMISSED** in its entirety with prejudice.   Defendant **BELFORD** is **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  December 22, 2014**

_____
NANCY J. ROSENSTENGEL
United States District Judge